IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEDRE V. FEYIJINMI, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-22-00904 |
| | | Bankruptcy Case Nos. 14-26170 |
| STATE OF MARYLAND | | 21-00072 |
| CENTRAL COLLECTION UNIT, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Appellant Dedre V. Feyijinmi ("Appellant" or "Feyijinmi") appeals the March 30, 2022, Order of United States Bankruptcy Judge David E. Rice (ECF No. 3-30) granting the State of Maryland Central Collection Unit's ("Appellee" or "CCU") motion for summary judgment and denying Feyijinmi's motion for summary judgment in Feyijinmi's adversary proceeding. Judge Rice's Order determined that Appellant's criminal restitution debt was non-dischargeable pursuant to 11 U.S.C. §1328(a)(3). (ECF No. 3-30.) This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which extends jurisdiction to the United States District Courts to hear appeals from the final judgments, orders, and decrees of the United States Bankruptcy Courts. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, the March 30, 2022, Order of United States Bankruptcy Judge David E. Rice is AFFIRMED. Judge Rice correctly

determined that Feyijinmi's court-ordered restitution emanating from a criminal conviction was non-dischargeable.

## BACKGROUND

On October 21, 2014, Appellant filed a Chapter 13 bankruptcy petition (Case No. 14-26170) in the United States Bankruptcy Court for the District of Maryland. (ECF No. 6-1 at 8.) Appellee CCU filed its initial proof of claim on April 13, 2015, and later amended its claim on May 5, 2015. (ECF No. 6-1 at 18, 22.) In its amended proof of claim, CCU stated the basis for the claim was "Court Ordered Fees" in the amount of $7,275.33. (ECF No. 6-1 at 22.) CCU attached an itemized statement to its proof of claim, which delineated the amount due, payments made, and judgment interest accrued. (ECF No. 6-1 at 24.) CCU additionally included a "Judgment of Restitution" (or "Order of Restitution") document in its amended proof of claim. (ECF No. 6-1 at 25.)

The Judgement of Restitution related to Appellant's 2006 criminal sentence. (ECF No. 6-1 at 144-45.) On July 31, 2006, the District Court of Maryland found Feyijinmi guilty of welfare fraud and she was sentenced to probation before judgment and ordered to pay restitution, which was filed as a lien in the Circuit Court for Baltimore County. (ECF No. 6-1 at 144-45.) In its amended proof of claim, CCU attached the formal document from the Maryland Judiciary dated December 8, 2006, that orders the Appellant to pay restitution pursuant to Md. Code Ann., Crim. Proc. § 11-601 *et seq.*, in the principal amount of $14,487.00, subject to statutory interest. (ECF No. 6-1 at 25.)

The United States Bankruptcy Court for the District of Maryland confirmed Feyijinmi's Chapter 13 plan on August 28, 2015, and the court entered an Order of Discharge on February

26, 2020.  (ECF No. 6-1 at 26, 34.) The Order of Discharge explains that "some debts are not discharged" and provides a list of those that may still be owed, including "debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction." (ECF No. 6-1 at 35.)  On June 23, 2020, Feyijinmi's Chapter 13 case was closed. (ECF No. 6-1 at 36.)

Around October 21, 2020, CCU mailed Feyijinmi a letter explaining that she had an outstanding debt and that any State income tax refund due to her would be intercepted and applied toward her debt. (ECF No. 6-1 at 66.)  That letter included Feyijinmi's appeal rights, which she exercised. *Id.* at 66, 67.  In appealing the CCU's letter, Appellant determined that the referenced outstanding debt was "associated with the debt she thought she had discharged in her Chapter 13 case." (ECF No. 6 at 8.) On February 11, 2021, a CCU representative informed Appellant that her debt was not dischargeable under her Chapter 13 case, and that CCU "would continue with collection activities." *Id.* Attorney for CCU subsequently explained to Appellant's attorney that Appellant's restitution resulting from her probation before judgment constituted non-dischargeable debt for Chapter 13 bankruptcy purposes. (ECF No. 6-1 at 37.)

Appellant consequently initiated an adversary proceeding on February 23, 2021, in the United States Bankruptcy Court for the District of Maryland to determine whether her restitution debt was discharged. (ECF No. 6-1 at 37-41; Case No. 21-00072). The parties filed cross-motions for summary judgment and the court held a hearing on March 24, 2022. (ECF No. 6-1 at 234-278.) United States Bankruptcy Judge David E. Rice ruled that "the state's claim for restitution is non-dischargeable as a matter of law under 11 U.S.C. §1328(a)(3)." (ECF No. 6-1 at 276.) More specifically, and raised on appeal here, Judge Rice found that (1)

3

Appellant's criminal conviction allows for an implicit finding of guilt sufficient to render the Order of Restitution as non-dischargeable, finding *In re Wilson*, 252 BR 739 (B.A.P. 8th Cir. 2000) persuasive and (2) CCU's amended proof of claim which labeled the attached Order of Restitution as "court ordered fees" did not constitute any waiver of discharge on behalf of the State. (ECF No. 6-1 at 277.) The Court issued a written order granting CCU's motion for summary judgment and denying Feyijinmi's motion for summary judgment on March 30, 2022. (ECF No. 6-1 at 193.)

Feyijinmi timely appealed the United States Bankruptcy Court's order and initiated the instant action on April 13, 2022. (ECF No. 1.) Feyijinmi raises two overarching issues on appeal: whether the Bankruptcy Court erred in holding that Feyijinmi's restitution is non-dischargeable as a matter of law, and whether the Bankruptcy Court erred in determining CCU did not waive its right to collect restitution despite CCU's proof of claim labeled as "Court Ordered Fees" which are dischargeable. (ECF No. 6.) Appellee CCU urges that the Bankruptcy Court properly found Appellant's restitution debt as non-dischargeable because Appellant was convicted of a crime in 2006 and the restitution was part of her sentence. (ECF No. 7 at 8.) CCU additionally argues that "the bankruptcy court correctly determined that when Appellee attached a copy of the judgment of restitution to its proof of claim, it negated any possible assertion that it waived its right to collect the debt due to its label on the proof of claim form." *Id.* at 9.

## STANDARD OF REVIEW

On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of

law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). An appellate court reviews a "grant of a motion for summary judgment de novo" and applies the same standard as the originating court. *Nader v. Blair*, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment in favor of the Appellee is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. A United States District Court may affirm, modify, or reverse a Bankruptcy Judge's order, or remand with instructions for further proceedings. *See Fed. R. Bankr. P.* 8013; s*ee also In re White*, 128 F. App'x. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

## ANALYSIS

As noted above, Appellant's challenges to the Bankruptcy Court's conclusions of law are reviewed *de novo*. Each of Appellant's arguments are addressed in turn.

### I. Probation Before Judgment Constitutes a Criminal Conviction

Under 11 U.S.C. § 1328(a)(3), debts "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime" may not be discharged. Under federal law, both a guilty verdict and probation following a guilty plea without a "written adjudication of guilt" are enough to constitute "conviction of a crime." *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 113 (1983). The United States Court of Appeals for the Fourth Circuit has also held in immigration cases that "probation without judgment" constitutes a conviction. *Yanez-Popp v. U.S. I.N.S.*, 998 F.2d 231 (4th Cir. 1993). Under Maryland State criminal law, a court may place a defendant on probation before judgment if the "defendant pleads guilty or nolo

contendere or is found guilty of a crime." Md. Code Ann., Crim. Proc. § 6-220(b)(1). The Court of Special Appeals of Maryland has held the "probation before judgment statute plainly requires that a determination of guilt must precede the granting of probation before judgment." *Howard Cnty. Dep't Of Soc. Servs. v. Linda J.*, 161 Md. App. 402, 410 (2005).

In determining whether probation before judgment constituted a criminal conviction for purposes of non-dischargeable debts under 11 U.S.C. § 1328(a)(3), the Bankruptcy Court found *In re Wilson*, 252 BR 739 (B.A.P. 8th Cir. 2000) persuasive. In *Wilson*, the debtor filed a Chapter 13 bankruptcy petition in 1991. *Wilson*, 252 B.R. at 740. Two years later, the debtor plead guilty to a crime, and was placed on probation before judgment and ordered to pay restitution. *Id.* In 1996, the debtor received a discharge, and her Chapter 13 case was closed. *Id.* In 1998, the debtor was arrested for failing to pay restitution from her 1996 probation before judgment. *Id.* The debtor argued that her restitution was dischargeable because it was not the kind connected to a criminal conviction. *Id.* The United States Bankruptcy Appellate Panel of the Eighth Circuit concluded that the term conviction "includes a plea of guilty followed by a sentence of probation, despite the absence of the formal entry of a conviction by the criminal court." *Wilson*, 252 B.R. at 742.

Feyijinmi asserts that *Wilson* is unpersuasive because the debtor in *Wilson* plead guilty to a crime whereas she did not plead guilty in her criminal case. (ECF No. 6 at 17.) Importantly, Feyijinmi was *found* guilty by the court. The fact that the debtor in *Wilson* plead guilty, and Feyijinmi was found guilty by a court, is immaterial to the conclusion that her restitution was a result of a criminal conviction. The central fact is whether there is an implication of guilt. In *Wilson*, the court determined that probation before judgment following a guilty plea

6

constituted a finding of guilt necessary to categorize the debtor's restitution as attached to a criminal conviction. Here, Appellant was found guilty, which squarely implies guilt sufficient to attach her restitution to a criminal conviction under 11 U.S.C. § 1328(a)(3). Appellant's argument raises a distinction without a difference. Therefore, Appellant's probation before judgment following a finding of guilt constitutes a criminal conviction under 11 U.S.C. § 1328(a)(3) and her restitution was non-dischargeable.

## II. The Labeling on the Proof of Claim Did Not Result in a Waiver

Appellant insists that CCU was required to amend its proof of claim to appropriately categorize the debt as non-dischargeable restitution for it to be treated as such, and because it did not, CCU waived its right to collect that debt. Alternatively, Feyijinmi argues that because of the "mislabeling" of the debt, the Bankruptcy Court should have weighed her interests and equities in determining that the debt was non-dischargeable. (ECF No. 6 at 15.) "[T]raditional waiver principles come into play when a party voluntarily or intentionally relinquishes a known claim right." *In re Varat Enterprises*, Inc., 81 F.3d 1310, 1317 (4th Cir. 1996). When creditors are owed a debt, they must file a proof of claim in bankruptcy proceedings. "A proof of claim is a written statement setting forth a creditor's claim" and it "shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). When a claim is based on a writing, "a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1). "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).

As previously mentioned, unlike other debts, restitution included in a sentence from a criminal conviction is non-dischargeable and a court does not have the discretion to rule

otherwise. 11 U.S.C. § 1328(a)(3). Instead, the Supreme Court holds "a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings. The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Kelly v. Robinson*, 479 U.S. 36, 47 (1986).

In accordance with Fed. R. Bankr. P. 3001(c), CCU filed its proof of claim correctly and did not waive its right to collect Appellant's owed restitution. CCU filled out the "appropriate Official Form", attached the Order of Restitution, and delineated the payments made, interest accrued, and updated amount due. In particular, the attached Order of Restitution precluded any confusion about the debt that CCU claimed, and further exhibits that CCU did not relinquish its right to collect on that debt. In other words, "[b]y attaching the judgment of restitution to its proof of claim, Appellee removed any ambiguity as to either the nature of the debt or its intent to collect after a possible discharge." (ECF No. 7 at 14.) *See also In re Avery*, 272 B.R. 718, 724 (Bankr. E.D. Cal. 2002) (finding "attachments to the proof of claim made up for [] paucity of detail and dispelled any doubt" about which debt was to be collected).

Ultimately, Feyijinmi's argument has no bearing on whether the debt is dischargeable. As CCU aptly notes, "[a]ny law pertaining to filing a proof of claim concerns the entirely separate and distinct asset distribution stage of the bankruptcy process and has no effect on dischargeability." (ECF No. 7 at 14.) Feyijinmi argues that the CCU attorneys were at fault for mischaracterizing her debt, so somehow the "equities" lie in Appellant's favor, and she should be absolved from paying that debt. This argument is unconvincing and not sounded in law. Appellant does not cite to any law that dictates a Bankruptcy Court is to consider the "interests

and equities" of a debtor when the debtor owes restitution as part of a criminal conviction. Instead, there is no discretionary power for a court to disrupt a state criminal finding and discharge Appellant's restitution.

Furthermore, the Order of Discharge explicitly delineated the types of debts that were not discharged and particularly mentions debts for restitution. The Order further stated that the responsibility is on the debtor to determine which of the discharges applied in a particular case. (ECF No 6-1 at 34-35.) Therefore, Feyijinmi was on notice that some of her debts may still be due. She and her counsel relied on the categorization of "Court Ordered Fees" at their peril. They did not appropriately pay attention to the attached Order of Restitution. CCU did not waive its right to collect on its debt, and there is no discretionary power for a court to consider "equities" in making its findings concerning non-dischargeable criminal restitution.

## **CONCLUSION**

For the reasons stated above, the Bankruptcy Court properly determined that Appellant's debt arising from restitution as a result of her criminal conviction was non-dischargeable under 11 U.S.C. §1328(a)(3). Accordingly, the March 30, 2022, Order of United States Bankruptcy Judge David E. Rice granting CCU's motion for summary judgment and denying Feyijinmi's motion for summary judgment is AFFIRMED.

A separate Order follows.


Dated:      November 1, 2022

                                                  /s/
                                    Richard D. Bennett
                                    United States District Judge